WILLIAM PALMER, APPELLEE, V. ELMER SCHABER,
APPELLANT.

2 N. W. (2d) 923

FILED MARCH 13, 1942. No. 31267.

*Mark J. Ryan,* for appellant.

*H. D. Addison* and *Burr R. Davis, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER,
MESSMORE and YEAGER, JJ.

ROSE, J.

This is an action to recover the remainder due on the pur-
chase price of a horse. Plaintiff alleged that he sold the
horse to defendant November 23, 1938, for $50, delivered
it the next day, received $10, and that defendant refused
upon demand to pay the remainder of the purchase price
—$40.

In addition to a general denial of unadmitted allegations
in the petition, defendant pleaded in defense:

"He admits that he attempted to purchase a horse from
plaintiff but alleges the fact to be that said purchase was
made in the nighttime and he had no opportunity to see the
horse; he relied absolutely upon the warranty and state-
ments of the plaintiff to the effect that said horse was sound
in every way, and thereupon defendant agreed to pay $50,
and paid plaintiff the sum of $10 thereon, and later took the
horse home. At the first opportunity of examining said
horse in the daytime he discovered that said horse was not
sound, but unsound, crippled and lame, and had dizzy spells,

was unable to walk or trot straight, besides being a stallion, which makes said horse of no value to defendant herein."

Upon a trial of the case in the county court of Wayne county there was a judgment in favor of plaintiff for $40. Defendant appealed to the district court where the judgment was the same as in the county court. Defendant appealed to the supreme court.

In the district court the parties waived a jury and the trial resulted in favor of plaintiff and against defendant for $40. It is a settled rule that findings of the district court in an action at law, where a jury is waived, have the effect of a verdict.

On appeal it is argued on behalf of defendant that the findings and judgment below are clearly wrong under the evidence and should be reversed. The evidence as a whole is found sufficient to support findings that plaintiff did not make the warranties and statements upon which defendant relies for a defense and that defendant examined the horse before he made his purchase. There is no error in the proceedings.

AFFIRMED.